Richard J. McCord, Esq.
Robert D. Nosek, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel for the Chapter 7 Trustee
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
Phone: (516) 296-7000
Facsimile: (516) 296-7111


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

GURMAIL S. SOHAL,                                       Chapter 7
                                                        Case No.: 1:18-40843-cec
                    Debtor.
--------------------------------------------------------X
RICHARD J. McCORD, as Chapter 7 Trustee
for the Estate of GURMAIL S. SOHAL,

                    Plaintiff,                          Adv. Pro. No.: 19-_____-cec

         -against-

THE SIKH CULTURAL SOCIETY,

                    Defendant.
--------------------------------------------------------X

## COMPLAINT

Plaintiff, Richard J. McCord, Esq., the Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for the Estate of Gurmail S. Sohal a/k/a Gurmail Singh Sohal (the "Debtor"), by his attorneys, Certilman Balin Adler & Hyman, LLP, as and for his complaint against defendant The Sikh Cultural Society (the "Cultural Society" or the "Defendant"), respectfully represents and states as follows:

### JURISDICTION AND PARTIES

1.      This action arises under 11 U.S.C. §§105, 541, 542, 544, 548, 550 and 551, Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (hereinafter "Bankruptcy Rules")

1

6755513.1

and New York Debtor and Creditor Law §270 et seq.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

3.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O) and 28 U.S.C. §1334.   In the event that the Court determines any claim for relief involved in this adversary proceeding is not a core proceeding, Plaintiff consents to entry of a final order and judgment by the Court.

4.    Venue in this district is pursuant to 28 U.S.C. §1409(a).

5.    The Plaintiff is the duly appointed Chapter 7 Trustee herein.

6.    Defendant Cultural Society is a domestic not-for-profit corporation formed and organized under the laws of the State of New York with a mailing address of 95-30 118th Street South Richmond Hill, NY 11419.

## FACTUAL BACKGROUND

7.    On February 15, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").

8.    The Trustee examined the Debtor under oath at the Section 341A Meeting of Creditors on March 14, 2018 (the "Section 341A Meeting").

9.    On or about November 14, 2017, the Debtor transferred the sum of $25,000 to the Cultural Society (the "November 14 Transfer") by check drawn on the Debtor's Citibank checking account ending in 2595 under check number 206 dated November 13, 2017 (the "Check No. 206").

10.    The memo line on Check No. 206 indicates that the November 14 Transfer was a "loan."

6755513.1

11.     On or about November 6, 2017, the Debtor transferred the sum of $50,000 to the Cultural Society (the "November 6 Transfer," and collectively with the November 14 Transfer, the "Transfers") allegedly as a charitable contribution.

12.     By letter dated December 6, 2018, the Trustee sought the return of the November 14 Transfer and the November 6 Transfer from the Cultural Society.

13.     As of the date of this Complaint, the Cultural Society has not returned any amounts from the November 14 Transfer or the November 6 Transfer.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### 11   U.S.C. §§ 11 U.S.C. §§ 105(a), 541 and 542

14.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "13" as though more fully set forth word for word herein.

15.     The Debtor loaned the total sum of $75,000 to the Cultural Society between November 6, 2017 and November 14, 2017.

16.     The money the Debtor loaned to the Cultural Society was due on demand.

17.     The Trustee made due demand for the repayment of the loaned money.

18.     The Cultural Society has failed to repay the $75,000 or any part of it to the Trustee notwithstanding his just demand.

19.     By reason of the foregoing, the Cultural Society is liable to the Debtor's estate for non-payment of loaned money in an amount to be proven at trial but in no event less than $75,000.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### 11 U.S.C. §§ 544(b), 550, 551 DCL §§ 273, 278

20.     Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "19" as though more fully set forth word for word herein.

21.     The Transfers were for less than fair consideration, as defined in New York

3

Debtor & Creditor Law ("DCL") § 272.

22.    Upon information and belief, but for Debtor's Transfers to the Cultural Society for no consideration, Debtor could have repaid all or substantially all of his outstanding debt.

23.    The Debtor was either insolvent as of the Transfers or was rendered insolvent thereby within the meaning of DCL § 271.

24.    Upon information and belief, at the time the Transfers were made, the value of the assets remaining with the Debtor was less than the amount required to pay the Debtor's existing debts as such debts became absolute and mature.

25.    Upon information and belief, as of the Petition Date, there existed actual unsecured creditors of the Debtor (*e.g.*, Bankamerica, Capital One, Citi, and Sears/cbna) which could have avoided any transfer of an interest of the Debtor in property that is avoidable under DCL § 273 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

26.    Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

27.    The Transfers are fraudulent conveyances pursuant to DCL § 273.

28.    Accordingly, the Plaintiff requests judgment against the Cultural Society finding that the Transfers are fraudulent conveyances pursuant to DCL § 273 and consequently setting aside said Transfers pursuant to Bankruptcy Code § 544(a) and DCL §278, or in the alternative, awarding the Plaintiff damages in the sum of at least $75,000, plus interest thereon.

### AS AND FOR A THIRD CLAIM FOR RELIEF
**11 U.S.C. §§ 544(b), 550, 551 DCL §§ 274, 278**

29.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through

4

"28" as though more fully set forth word for word herein.

30.    The Transfers were for less than fair consideration, as defined in New DCL § 272.

31.    The Debtor owns a taxi medallion and, upon information and belief, was and is engaged in business utilizing that taxi medallion.

32.    Upon information and belief, on the dates of the Transfers, the Debtor was engaged in a business or transaction, i.e., ownership of a taxi medallion which included operating of, or licensing another to operate, a taxi utilizing that taxi medallion, or was about to engage in such business or transaction (collectively, the "Business"), thereby leaving the Debtor with unreasonably small capital in which to engage in such business.

33.    Upon information and belief, as of the Petition Date, there existed actual unsecured creditors of the Debtor (e.g., Bankamerica, Capital One, Citi, Sears/cbna and Rapid Funding NYC, Inc.) which could have avoided any transfer of an interest of the Debtor in property that is avoidable under DCL § 274 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

34.    Upon information and belief, the Debtor incurred additional debt to creditors subsequent to the Transfers, during which time the Debtor was engaged in the Business.

35.    Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

36.    The Transfers are fraudulent conveyances pursuant to DCL § 274.

37.    Accordingly, the Plaintiff requests judgment against the Cultural Society finding that the Transfers are fraudulent conveyances pursuant to DCL § 274 and consequently setting aside said Transfers pursuant to Bankruptcy Code § 544(a) and DCL §278, or in the alternative,

awarding the Plaintiff damages in the sum of at least $75,000, plus interest thereon.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### 11 U.S.C. §§ 544(b), 550, 551 DCL §§ 275, 278

38.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "37" as though more fully set forth word for word herein.

39.    The Transfers were for less than fair consideration, as defined in New DCL § 272.

40.    Upon information and belief, on the dates of the Transfers, the Debtor knew or should have known that he would incur debts beyond his ability to pay such debts as they matured, as the Debtor already owed significant sums to, among other creditors, Bankamerica, Capital One, Citi, Sears/cbna, and Rapid Funding NYC, Inc.

41.    Upon information and belief, as of the Petition Date, there existed actual unsecured creditors of the Debtor (*e.g.*, Bankamerica, Capital One, Citi, Sears/cbna, and Rapid Funding NYC, Inc.) which could have avoided any transfer of an interest of the Debtor in property that is avoidable under DCL § 275 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

42.    Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

43.    The Transfers are fraudulent conveyances pursuant to DCL § 275.

44.    Accordingly, the Plaintiff requests judgment against the Cultural Society finding that the Transfers are fraudulent conveyances pursuant to DCL § 275 and consequently and consequently setting aside said Transfers pursuant to Bankruptcy Code § 544(a) and DCL §278, or in the alternative, awarding the Plaintiff damages in the sum of at least $75,000, plus interest thereon.

6755513.1

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### 11 U.S.C. §§ 544(b), 550, 551 DCL §§ 276 and 278

45.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "44".

46.     The Transfers were for less than fair consideration, as defined in DCL § 272.

47.     Upon information and belief, the Transfers constituted a transfer of substantially all of the Debtor's assets of value at a time when he was indebted to numerous creditors, including without limitation, Citibank N.A., Rapid Funding NYC, Inc., Bankamerica, Capital One, Citi, Sears/cbna, and Rapid Funding NYC, Inc.

48.     Upon information and belief, before the Transfers were made, the Debtor was engaged or about to be engaged in the Business and transferred the Transfers to the Cultural Society as a way to hinder, delay, or defraud his creditors, present or future.

49.     The Debtor intentionally made the Transfers.

50.     Upon information and belief, the Debtor made the Transfers as an intentional way to hinder, delay, or defraud his present and future creditors in the event that, among other things, the Business failed pursuant to DCL § 276.

51.     Upon information and belief, on the Petition Date, there were actual existing unsecured creditors holding claims who could have avoided the Transfers under New York Debtor and Creditor Law §278, including without limitation, Bankamerica, Capital One, Citi, Sears/cbna and Rapid Funding NYC, Inc.

52.     Based on the foregoing, Plaintiff is entitled to judgment pursuant to DCL § 276 finding that the Transfers were fraudulent conveyances and consequently setting aside said Transfers pursuant to Bankruptcy Code § 544(a) and DCL § 278, or in the alternative, awarding the Plaintiff damages in the sum of at least $75,000, plus interest thereon.

7

## AS AND FOR A SIXTH CLAIM FOR RELIEF
### 11 U.S.C. §§ 544(b), 550, 551 DCL § 276-a

53.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "52".

54.    Upon information and belief, the Transfers were made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to DCL § 276.

55.    By reason of the actual intent of the Debtor to defraud present or future creditors of the Debtor, Plaintiff is entitled to his legal fees incurred in this action pursuant to DCL § 276-a.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF
### 11 U.S.C. §§ 548(a)(1)(A), 550 and 551

56.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "55" as though more fully set forth word for word herein.

57.    The Transfers directly or indirectly to the Cultural Society constituted a transfer of the Debtor's interest in property.

58.    Upon information and belief, the Debtor was insolvent at the time each of the Transfers and continued to be insolvent through the Petition Date.

59.    The Debtor caused, directly or indirectly, each of the Transfers to be made to the Cultural Society while Debtor was insolvent, to the detriment of the entire creditor body, including Bankamerica, Capital One, Citi, and Sears/cbna and Rapid Funding NYC, Inc.

60.    The Transfers were made within two (2) years of the Petition Date.

61.    The Transfers were made to Cultural Society and/or conferred a benefit upon the Cultural Society.

62.    Had the Debtor not made the Transfers to the Cultural Society, those funds would have been available to reduce the Debtor's obligations to his creditors.

6755513.1

63.    The Debtor made the Transfers to the Cultural Society with actual intent to hinder, delay or defraud the Debtor's creditors, including, *inter alia*, including Bankamerica, Capital One, Citi, and Sears/cbna and Rapid Funding NYC, Inc., and thus are avoidable under Bankruptcy Code § 548(a)(1)(A).

64.    Based upon the foregoing, the Plaintiff is entitled to judgment against the Cultural Society (i) avoiding the Transfers under Bankruptcy Code § 548(a)(1)(A), and (ii) pursuant to 11 U.S.C.  §§ 550(a) and 551, may recover from the Cultural Society the Transfers, or, in the alternative, awarding the Plaintiff damages in the sum of at least $75,000, plus interest thereon, and attorneys' fees.

## AS AND FOR A EIGHTH CLAIM FOR RELIEF
### 11 U.S.C. §§ 548(a)(1)(B), 550 and 551

65.    Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "64" as though more fully set forth word for word herein.

66.    The Transfers were made within two (2) years of the Petition Date.

67.    The Transfers were made by or on behalf of the Debtor to the Cultural Society.

68.    The Transfers were of interests in the Property that belonged to the Debtor and were transferred for no consideration.

69.    The Transfers to the Cultural Society constituted transfers of the Debtor's interest in property.

70.    The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

71.    Upon information and belief, the Debtor was insolvent at the time it made the Transfers and continued to be insolvent through the Petition Date.

6755513.1

72.     Based on the foregoing, the Debtor (i) was insolvent on the date that the Transfers were made or became insolvent as a result thereof, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond his ability to pay as they matured.

73.     The Transfers constitute avoidable transfers pursuant to Bankruptcy Code § 548(a)(1)(B).

74.     Based upon the foregoing, the Plaintiff is entitled to judgment against the Cultural Society (i) avoiding the Transfers under Bankruptcy Code § 548(a)(1)(B), and (ii) pursuant to 11 U.S.C.  §§ 550(a) and 551, may recover from the Cultural Society such Transfers, or, in the alternative, awarding the Plaintiff damages in the sum of at least $75,000, plus interest thereon.

## AS AND FOR AN NINTH CLAIM FOR RELIEF
### 11 U.S.C. §§ 550 and 551

75.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "74".

76.     At the time of the Transfers, the Debtor made those transfers to the Cultural Society for no consideration.

77.     The Cultural Society was the initial transferee of the Debtor's ownership interest in and to the funds comprising the Transfers pursuant to Bankruptcy Code § 550(a)(1).

78.     Upon information and belief, the Transfers were not made for value or in payment or satisfaction of a present or antecedent debt of the Debtor.

79.     By virtue of 11 U.S.C. § 550(a)(1), Plaintiff may recover a transfer avoided under 11 U.S.C. § 544(a) and the New York Debtor and Creditor Law from the Cultural Society as they were the immediate transferees of the Debtor.

10

6755513.1

80.    Pursuant to Bankruptcy Code § 550(a)(1), Plaintiff requests a judgment avoiding the Transfers, and recovering for the Debtor's estate the Transfers, or alternatively, granting Plaintiff a judgment awarding the Plaintiff damages in the sum of at least $75,000, plus interest thereon.

## RESERVATION OF RIGHTS

81.    It is the intent of the Plaintiff to recover any and all amounts loaned by the Debtor to the Cultural Society or, in the alternative, avoid as fraudulent conveyance(s) the Transfers and recover for the benefit of the Estate and its creditors, the Transfers or, in the alternative, obtain a judgment for damages based on the value of the Transfers.   As such, Plaintiff hereby specifically reserves his right to amend this Complaint to bring any and all other claims and causes of action that he may maintain against the Cultural Society or any other person or entity with an interest in the Transfers to the extent discovery in this action or further investigation by the Plaintiff reveals such additional claims or causes of action.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against the Cultural Society as follows:

(a) On the First Claim for Relief against the Cultural Society, finding that the Debtor loaned the sum of no less than $75,000 to the Cultural Society; that due demand for repayment was made, and that the Cultural Society failed to repay such loaned amounts despite due demand, and awarding Plaintiff judgment in the amount of $75,000, plus interest thereon;

(b) On the Second Claim for Relief against the Cultural Society, finding that the Transfers were fraudulent conveyances pursuant to New York Debtor and Creditor Law § 273 and consequently setting aside the Transfers pursuant to Bankruptcy Code § 544(a) and DCL § 278; or, in the alternative, awarding Plaintiff damages in the sum of at least $75,000, plus interest thereon; and

(c) On the Third Claim for Relief against the Cultural Society, finding that the Transfers were fraudulent conveyances pursuant to New York Debtor and Creditor Law § 274 and consequently setting aside the Transfers pursuant to Bankruptcy Code § 544(a) and DCL § 278; or, in the alternative, awarding Plaintiff damages in the sum of at least $75,000, plus interest thereon; and

(d) On the Fourth Claim for Relief against the Cultural Society, finding that the Transfers

11

were fraudulent conveyances pursuant to New York Debtor and Creditor Law § 275 and consequently setting aside the Transfers pursuant to Bankruptcy Code § 544(a) and DCL § 278; or, in the alternative, awarding the Plaintiff damages in the sum of at least $75,000.00, plus interest thereon; and

(e) On the Fifth Claim for Relief against the Cultural Society, finding that the Transfers were fraudulent conveyances pursuant to New York Debtor and Creditor Law § 276 and consequently setting aside the Transfers pursuant to Bankruptcy Code § 544(a) and DCL § 278; or, in the alternative, awarding the Plaintiff damages in the sum of at least $75,000.00, plus interest thereon; and

(f) On the Sixth Claim for Relief against the Cultural Society, awarding the Plaintiff his legal fees incurred herein pursuant to New York Debtor and Creditor Law § 276-a; and

(g) On the Seventh Claim for Relief against Cultural Society, finding that the Transfers were fraudulent conveyances pursuant to 11 U.S.C. §548(a)(1)(A), 550 and 551, and consequently avoiding the Transfers; or, in the alternative, awarding the Plaintiff damages in the sum of at least $75,000.00, plus interest thereon and attorneys' fees; and

(h) On the Eighth Claim for Relief against Cultural Society, finding that the Transfers were fraudulent conveyances pursuant to 11 U.S.C. §548(a)(1)(B), 550 and 551, and consequently avoiding the Transfers; or, in the alternative, awarding the Plaintiff damages in the sum of at least $75,000.00, plus interest thereon; and

(i) On the Ninth Claim for Relief against Cultural Society, granting Plaintiff judgment under 11 U.S.C. § 550(a)(1) and 551 recovering the Transfers, or alternatively, granting Plaintiff a judgment for damages based on the value of the Transfers in the sum of at least $75,000.00, plus interest thereon; and

(j) For such other, further and different relief as this Court may deem just, proper and equitable.

Dated: East Meadow, New York
January 24, 2019

**CERTILMAN BALIN ADLER & HYMAN, LLP**
Attorneys for the Chapter 7 Trustee


By:    /s/ Richard J. McCord ___
       Richard J. McCord, Esq.
       Robert D. Nosek, Esq.
       90 Merrick Avenue, 9th Floor
       East Meadow, New York 11554
       Phone: (516) 296-7000

6755513.1